# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| IOSUA TUUMALO, )<br>)<br>Petitioner, )<br>v. )<br>) <br>ROBERT McFADDEN, Warden, )<br>)<br>Respondent. ) | Civil Action<br>No. 05-3151-CV-S-RED-H |

## ORDER AND JUDGMENT

Pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri, the petition herein for a writ of habeas corpus was referred to the United States Magistrate for preliminary review under the provisions of 28 U.S.C. § 636(b).

The United States Magistrate has completed his preliminary review of the petition herein for a writ of habeas corpus and has submitted to the undersigned a report and recommendation that the petition for a writ of habeas corpus be dismissed without prejudice.

Petitioner has filed exceptions to the report and recommendation of the Magistrate in which he continues to assert that the Court has jurisdiction under 28 U.S.C. § 2241. It is his contention that he is challenging the legality of his current confinement, and as such, the case is properly before this Court.

Petitioner contends that the sentencing court erred by using facts not admitted by him nor found beyond a reasonable doubt by a jury to enhance his sentence in violation of United States v. Booker, 543 U.S. 220 (2005).

It should be noted that all circuit courts considering the issue to date have held that the rule announced in Booker does not apply to criminal convictions that became final before the rule was

announced, and thus does not benefit petitioners in collateral proceedings.  See   Never Misses A Shot v. United States, 413 F.3d 781 (2005), 783-84 (8th Cir. 2005)  (holding Booker does not apply retroactively on collateral review).   In this case, despite petitioner's efforts to characterize his petition as one challenging his confinement, it is clear that he is challenging his sentence.  It is also apparent that he has failed to demonstrate that the §2255 remedy is inadequate or ineffective.

Having fully reviewed the record de novo, the Court agrees with the Magistrate that the petition should be dismissed on the grounds that it is not properly before this Court.  Regardless of petitioner's assertions, he has failed to demonstrate that the §2255 remedy is an ineffective or inadequate vehicle to test the legality of his sentence.  Accordingly, the Court finds that the conclusion of the Magistrate should be approved.

Based on the file and records in this case, it is concluded that the findings of fact, conclusions of law, and proposed actions of the Magistrate are correct and should be approved.  It is therefore

ORDERED that petitioner's exceptions filed herein be, and they are hereby, considered and overruled.  It is further

ORDERED that petitioner be, and he is hereby, denied leave to proceed in forma pauperis. It is further

ADJUDGED that the petition herein for a writ of habeas corpus be, and it is hereby, dismissed without prejudice.

    /s/ Richard E. Dorr
Richard E. Dorr
United States District Judge

Date:   April 26, 2006